■ UBAF ARAB AMERICAN BANK, Appellant, v NEW WORLD RESEARCH CORPORATION, Respondent.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered July 6, 1990, denying plaintiff's motion for summary judgment, unanimously reversed, on the law, with costs and disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of the plaintiff in the amount of $27,085 plus interest and costs.

In September 1983, plaintiff, UBAF Arab American Bank, at the request of defendant, New World Research Corporation,

issued a $25,950 letter of credit to the Commercial Bank of Syria. Plaintiff had been issuing such letters for New World since 1981, when the latter had executed an "Irrevocable Special Purpose Letter of Credit Agreement" for the purpose of "inducing [UBAF] to issue from time to time" letters of credit. The September 1983 letter was to serve as collateral for Commercial Bank's letter of guarantee, the Syrian equivalent of a letter of credit, in the same amount to the Public Establishment of Electricity, a Syrian entity. UBAF's 1981 agreement with New World memorialized the standard business practice that the account party (New World) reimburse the issuing bank (UBAF) for letters of credit issued and drawn, and acknowledged that such letters would be governed, as are nearly all international letters of credit, by the Uniform Customs and Practice for Documentary Credits of the International Chamber of Commerce. In the instant case, UBAF's letter of credit, in accordance with New World's September 14, 1983 instructions, was to be governed, as would Commercial's letter of guarantee, by Syrian law and regulation and was to be payable on a "simple demand by tested telex" from Commercial Bank. In its instructions, New World acknowledged that it would be "liable for the letter of guarantee until the letter of guarantee is returned to the counter of the Commercial Bank of Syria." Within a week of receiving New World's September 14th instruction, UBAF, as directed, issued its letter of credit to Commercial "payable against [Commercial Bank's] first simple demand by tested telex". As instructed, UBAF directed Commercial Bank to issue a "letter of guarantee" to Public Establishment. Collateralized by UBAF's letter of credit, Commercial Bank issued the requested letter of guarantee. Both instruments were "subject to Syrian law and regulation." From 1985 through 1989, New World agreed to several extensions of UBAF's letter of credit, the original expiration date of which was in January, 1985. In 1989, New World stopped paying UBAF to renew the letter of credit. Learning that the letter of credit, its collateral, was about to expire, Commercial Bank, as expected, made a "simple demand by tested telex" to draw on the letter. Since the demand was made in accordance with its terms, UBAF paid the amount draw ($25,950), as well as Commercial Bank's charges and expenses ($1,135). When UBAF asked for reimbursement, New World refused, explaining that it was involved in a performance dispute in its merchandise contract with Public Establishment. This action was then commenced.

On UBAF's motion for summary judgment, New World

changed positions and contended that its contract with Public Establishment was fully performed in 1984. Thus, it argued, there is no showing that the beneficiary of the letter of guarantee, which its letter of credit was to secure, ever made claim thereunder. New World also claimed that a Chemical Bank standby letter of credit established by it in favor of UBAF was inadvertently allowed to expire. The IAS court denied the motion, finding that the letter of credit sued upon expired on January 31, 1986 and that therefore UBAF "must rely on the underlying contract", as to which "there are disputed issues of performance." Since it is clear that the IAS court labored under a misapprehension and there are no issues of fact, we reverse and grant UBAF's motion for summary judgment.

New World does not dispute that it directed UBAF to issue a letter of credit to Commercial Bank, that the letter was payable on a "simple demand by tested telex", that, contrary to the IAS court's finding, the letter of credit was extended through 1989 or that, in 1989, Commercial Bank, fearful of the letter's expiration, made a "simple demand by tested telex" and was paid. On appeal, New World makes much of the fact that the Chemical Bank letter of credit was allowed to expire. But, that is not the letter at issue nor was the UBAF letter for the benefit of the Commercial Bank in any way contingent upon its continuance. Nor, contrary to New World's factually unsupported argument, was there any revision of the UBAF letter of credit to provide that New World would not be liable for any drawing unless it had determined that the drawing was proper. Nor is it relevant, as New World argues, that it had fully performed the underlying merchandise contract between itself and Public Establishment, the ultimate beneficiary of the Commercial Bank letter of guarantee. The contractual relationship between the issuing bank (UBAF) and the account party (New World) is "completely independent" of the underlying merchandise contract between the account party and the buyer of its goods. *(Chiat/Day Inc., Adv. v Kalimian,* 105 AD2d 94, 96.) The letter of credit was drawable on "simple demand by tested telex", not proof of performance, and was so paid. Disputes over whether the merchandise contract was performed cannot impair UBAF's entitlement to summary judgment on New World's obligation to reimburse it for the letter of credit drawn pursuant to its terms. Concur—Sullivan, J. P., Carro, Rosenberger, Kupferman and Rubin, JJ.